IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| GREGORY E. BENNETT | : | |
| | : | |
| Debtor. | : | Bky. No. 19-12991-AMC |

| | | |
|---|---|---|
| | : | |
| GREGORY E. BENNETT | : | |
|       Plaintiff. | : | |
| v. | : | |
| | : | |
| ERION REAL ESTATE INVESTORS, LLC | : | Adversary No. _____ |
| | : | |
|       Defendant. | : | |

**COMPLAINT SEEKING CIVIL CONTEMPT AND SANCTIONS FOR VIOLATION(S) OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT; PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW; AND THE AUTOMATIC STAY**

**I.    INTRODUCTION**

1.    This is an action for damages brought by a debtor pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. C.S. 2270.1 *et seq* (hereinafter "FCEUA"); Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S. 201-1, *et seq* (hereinafter "UTCPL"); and 11 U.S.C. § 362(a)(1), (3), and (6).

2.    Erion Real Estate Investors, LLC ("Erion") purchased a defeasible interest in a tax sale property and <u>demanded immediate possession and rent</u> during the redemption period when the rightful owner has exclusive possession until the passage of the redemption period.

3.    Erion's Motion for Stay Relief filed on July 1, 2019 is tantamount to unlawful debt collection as it is patently clear that demanding rent during the redemption period is illegal.

## II. JURISDICTION

4. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

5. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

6. Plaintiff, Gregory E. Bennett is an adult individual residing at 519 N. Wanamaker Street, Philadelphia, PA 19131.

7. Defendant, Erion Real Estate Investors, LLC ("Erion") is a Limited Liability Company with its principal office located at 1528 Elmwood Avenue, Apt. 202, Folcroft, PA 19032.

## IV. FACTUAL ALLEGATIONS

8. Gregory E. Bennett, ("Plaintiff" or "Debtor"), the plaintiff in the above captioned action, is the debtor in the above captioned voluntary Chapter 13 Bankruptcy.

9. Debtor resides in his home at 519 N. Wanamaker Street, Philadelphia, PA 19131 (the "Property"), where he has resided for approximately 13 years.

10. On or around August 14, 2017, the City of Philadelphia (the "City") filed a Petition for a Rule to Show Cause in the Court of Common Pleas seeking permission to sell a defeasible interest in Debtor's interest in his home to collect alleged delinquent real estate taxes in a total amount of $3,573.23 including interest, penalty, attorney fees and lien costs. (hereinafter "2017 City Tax Action").

11. On or about August 15, 2017, the Court of Common Pleas for the City of Philadelphia issued a Rule granting the City's Petition to show cause why a Decree should not be entered permitting the sale of the Property.

12. On or about December 10, 2017 the Court of Common Pleas for the City of Philadelphia issued a Decree permitting the Property to be sold by the Sheriff.

13. The Philadelphia Sheriff's Office sold the Property at a tax sale on or about June 21, 2018 to Patrice Laporte for the sum of $27,500.00.

14. On or about August 11, 2018 Jewell Williams, Sheriff of the County of Philadelphia, acknowledged a deed to Patrice Laporte, reciting consideration in the amount of $27,500.00.

15. The Sheriff's Deed transferring ownership to Patrice Laporte was recorded on August 17, 2018.

16. The State and City Transfer Tax certifications accompanying the recorded deed reflected the "Fair Market Value" at the time of the sale to be $59,792.00.

17. Patrice Laporte sold her defeasible interest in the Property (without any right to possession during the redemption period) subject to the right of redemption to Erion Real Estate Investors, LLC ("Erion") for the sum of $6,676.27 on January 21, 2019.

18. The State and City Transfer Tax certifications accompanying the recorded deed reflected the "Fair Market Value" at the time of the sale to be $49,288.00.

19. The Deed transferring ownership from Patrice Laporte to Erion Real Estate Investors, LLC was recorded on January 28, 2019.

20. Here, the Sheriff's Deed was acknowledged on August 11, 2018 resulting in a redemption deadline of May 11, 2019 pursuant to 53 P.S. § 7293.

21. Debtor filed the instant bankruptcy on May 8, 2019 – before the redemption period had expired.

22. Debtor is afforded the right to redeem his property "upon payment of the amount bid at [sheriff] sale", which is $27,500.00 in this instance. 53 P.S. 7293.

23. Notwithstanding Erion's lack of any right to possession, in March of 2019 Defendant came to Plaintiff's house where he informed Plaintiff that he had purchased the property and allegedly "entered into an oral renewable one month lease for the Premises with the Debtor, effective March 1, 2019, whereby the Debtor occupied the Premises as tenant (the "Lease")." Defendant's Motion for Stay Relief ¶ 3.

24. Plaintiff informed Erion that he would be pursuing "his rights to maintain the property," to which Erion replied "that's going cost me money with legal representation."

25. In March 2019, the Defendant had no claim to possession or ejectment against Plaintiff as the redemption period had not expired.

26. During the redemption period, the purchaser of a property at a sheriff's tax sale has no right of possession as against the owner. In re Gonzalez, No. 15-10628, 2016 Bankr. LEXIS 2045, at *10-12 (Bankr. E.D. Pa., May 18, 2016), In re Pittman, 2016 Bankr. LEXIS 1954, at *12-21; In re Terry, 505 B.R. 660, 663 (Bankr. E.D. Pa. 2014), *appeal dismissed*, 543 B.R. 173(E.D. Pa. 2015)(explaining that under Pennsylvania law, owner of property sold at tax sale retains the right of possession during the statutory redemption period).

27. The title to a property sold at a sheriff's tax sale is a defeasible one, "and does not mature into a legal title until the period of redemption has expired . . . ." City of Phila. ex. rel.Phila. Hous. Dev. Corp. v. Novick, 582 A.2d 1363, 1366 (Pa. Super. 1990)(citing Easton, 19 Pa. D.&C. 152); see also In re Pittman, 2016 Bankr. LEXIS 1954, at *9; City of Phila. v. Minor (In re Minor), No. 15-3562, 2016 U.S. Dist. LEXIS 43254, at *34-40 (E.D. Pa. Mar. 30, 2016); In re Terry, 505 B.R. at 663; In re Hammond, 420 B.R. at 635; Hess v. Potts, 32 Pa. 407, 411-12 (1859); Shalemiller, 55 Pa. at 188; Olshefskie, 41 Pa. D.&C. at 374-77. The purchaser only receives equitable title; the owner's legal title is not divested until the expiration of the redemption period and failure by the owner to tender the redemption amount. Pivirotto v. Pittsburgh, 528 A.2d 125, 127-28 (Pa. 1987); Shalemiller, 55 Pa. at 188; Philadelphia v. Chicken's Place, Inc., 565 A.2d 182, 184 (Pa. Super. 1989)(holding that "a reasonable man with a defeasible interest in property would not necessarily insure it against hazards until such a time that his interest became indefeasible"); Philadelphia v. Unknown, 30 Pa. Super. 516, 518-19 (1906)(quoting Shalemiller, 55 Pa. at 188). Until that time, the incidents of title, including the right of possession, remain with the owner. In re Pittman, 2016 Bankr. LEXIS 1954, at *12-21; In re Terry, 505 B.R. at 663; In re Hammond, 420 B.R. at 635; Shalemiller, 55 Pa. at 188;Olshefskie, 41 Pa. D.&C. at 376-78; Easton, 19 Pa. D.&C. at153-55. Under Pennsylvania law, it is well-settled law that the purchaser at a sheriff's tax sale does not acquire the entirety of an owner's interests. In re Hammond, 420 B.R. 633, 635 (Bankr. W.D. Pa. 2009); Hess v. Potts, 32 Pa. 407, 16 Legal Int. 84 (1859). Rather, the purchaser acquires a defeasible title. Hammond, 420 B.R. at 635; Hess, 32 Pa. at 407. The purchaser does not obtain an absolute title to the property until the passage of the redemption period. Hammond, 420 B.R.

at 635; <u>Shalemiller v. McCarty</u>, 55 Pa. 186, 188 (1867); <u>City of Philadelphia v. Miller</u>, 182 Pa. Super. 239, 126 A.2d 812, 815 (Pa. Super. 1956). In the interim, the owner retains substantial interests in the property, including but not limited to, the right to possession. <u>In re Terry</u>, 505 B.R. at 663.

28.     Erion demanded possession of the property and demanded that Debtor pay him rent in the amount of $900.00 a month beginning in March of 2019.  Defendant's Motion for Stay Relief ¶ 4.

29.     Erion's demands for immediate possession added to his emotional distress as he did not know why he had to immediately move out of his property or where he would get $900.00 a month to pay this man rent.

30.     Debtor never entered into a lease with Erion and never agreed to pay him rent.

31.     In its Motion for Stay Relief, Erion alleges that: "Debtor has failed to pay rent to the Landlord and is in arrears in the amount of $3,600 through June 2019. Moreover, Debtor has failed to pay any post-petition rent due, but has continued to occupy the premises." Defendant's Motion for Stay Relief ¶ 5.

32.     Eriorn's March, 2019 demands for immediate possession and rent are unlawful as they occurred during the redemption period where the rightful owner has exclusive possession until the passage of the redemption period.  <u>In re Hammond</u>, 420 B.R. 633, 635 (Bankr. W.D. Pa. 2009); <u>Hess v. Potts</u>, 32 Pa. 407, 16 Legal Int. 84 (1859);  <u>Shalemiller v. McCarty</u>, 55 Pa. 186, 188 (1867);  <u>City of Philadelphia v. Miller</u>, 182 Pa. Super. 239, 126 A.2d 812, 815 (Pa. Super. 1956).

33. Plaintiff filed his voluntary Chapter 13 Bankruptcy on May 8, 2019 and filed his Chapter 13 Plan on May 10, 2019 setting forth the following provision in Part 9:

> Upon full repayment to Erion Real Estate Investors, LLC, Creditor will recognize satisfaction of lien by re-conveying the property with a corrective deed to the debtor which will acknowledge defeasance of the incipient interest manifested by the Tax Deed to secure payment of redemption claim which ceases to exist as a result of payment of the redemption amount.

34. Erion's Motion for Stay Relief filed on July 1, 2019 is tantamount to unlawful debt collection as it is patently clear that demanding rent during the redemption period is illegal.

35. Erion's conduct has caused Debtor to experience worries and concerns that are separate from the anxiety he felt about the bankruptcy. Mr. Bennett's reactions and emotions are not fleeting or inconsequential. He suffered significant emotional harm as a result of Erion's conduct in willfully violating the automatic stay. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. Mr. Bennett suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and emotional distress.

## COUNT I
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## ("FCEUA"), 73 Pa. C.S. § 2270.1, et. seq.

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as fully set forth herein.

37. Defendant violated FCEUA, 73 P.S. § 2270.4(b)(ii) by demanding Plaintiff sign an oral lease or get out of the property.

38.     Defendant violated FCEUA, 73 P.S. § 2270.4(b)5(ii) by commencing a judicial proceeding to enforce a non-existent oral lease by using the stay relief process.

39.     FCEUA prohibits creditors from engaging in any conduct of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  73 P.S. § 2270.4(b)(4).

40.     FCEUA prohibits creditors from using unfair or unconscionable means to collect a debt unless such amount is expressly authorized by agreement creating the debt or permitted by law. 73 P.S. § 2270.4(b)6(i).

**PRAYER FOR RELIEF**

WHEREFORE, Gregory Bennett prays that judgment be entered against Defendant for the following:

(1) An Order declaring that Defendant violated the FCEUA;
(2) Actual damages;
(3) Treble damages;
(4) Reasonable attorney's fees and costs;
(5) Such other and further relief that the Court deems just and proper.

**COUNT II**
**VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW**
**("UTCPL"), 73 Pa. C.S. § 201-1, et. seq.**

41.     Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as fully set forth herein.

42.      Defendant violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or creditor, as set forth above, constitutes a *per se* violation of UTPCPL.

43. Other unfair or deceptive acts or practices defined as such in 73 P.S. § 201-2(4) committed by Defendant include, not are not limited to, the following:

(a) Defendant engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or misunderstanding.

44. Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Gregory E. Bennett prays that judgment be entered against Defendant for the following:

(1) An Order declaring that Defendant violated the UTCPL;
(2) Actual damages;
(3) Treble damages;
(4) Reasonable attorney's fees and costs;
(5) Such other and further relief that the Court deems just and proper

## COUNT III
### WILLFUL VIOLATION OF THE AUTOMATIC STAY
### 11 U.S.C. § 362(a)(1), (3), and (6)

45. The allegations of paragraphs 1–35 above are realleged and incorporated herein by reference.

46. The actions of Defendant in this case, in commencing a judicial proceeding to enforce a non-existent oral lease by using the stay relief process is an egregious violation of the automatic stay.

47. Defendant has violated the automatic stay by demanding payment from the debtor in the amount of $3,600.00.

48. Defendant has violated the automatic stay by demanding that the debtor be dispossessed from his property which is exempt by law.

49. Defendant's actions are in violation of the automatic stay entered in Plaintiff's bankruptcy case, and entitle Plaintiff to the relief afforded under 11 U.S.C. § 362(k), and additionally constitute contempt of bankruptcy court orders.

### A. THE BANKRUPTCY CODE: THE AUTOMATIC STAY

50. The automatic stay provision of the Bankruptcy Code provides that the filing of a petition for relief under the Bankruptcy Code precludes, inter alia, any act by a creditor to obtain possession of property of the estate, or to collect, assess, or recover a claim against the debtor that arose prior to that filing. 11 U.S.C. §§ 362(a)(3) and (a)(6).

51. Section 362 requires all collection efforts to cease immediately cease upon the filing of a voluntary or involuntary bankruptcy petition. Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay against the following activities:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor. *See* 11 U.S.C. § 362(a).

### B.  STANDARD FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

52.  Those violating the automatic stay may be found liable for damages under section 362(k) of the Bankruptcy Code if their violation was "willful."  11.U.S.C. § 362(k).

53.  Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees and, in appropriate circumstances, may recover punitive damages." *Id*.

54.  Courts have held that a "willful violation" of the automatic stay occurs when a creditor acts intentionally with knowledge of the automatic stay[1] or knowledge of the bankruptcy in general.[2]

55.  The courts do not disagree on the event about which the creditor must be aware because 'knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay.'[3]

---

[1] *In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (3d Cir. 1990) ("[W]illful" means "an intentional or deliberate act done with knowledge that the act is in violation of the stay."); *In re Carroll*, 903 F.2d 1266, 1272 (9th Cir. 1990); *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 2d 224, 227 (9th Cir. 1989); *In re Karash Travel, Inc.*, 102 B.R. 778, 780 (N.D. Cal. 1989) a*ppeal dism'd, vac'd in part as moot*, 942 F.2d 792 (9th Cir. 1991); *In re DaShiell*, 124 B.R. 242, 251 (Bankr. N.D. Ohio 1990); *In re Perry*, 124 B.R. 50, 52 (Bankr. N.D. Ohio 1990).

[2] I*n re Knaus*, 889 F.2d 773, 775 (8th Cir. 1989) ("A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition."); *In re Taylor*, 884 F.2d 478, 482-83 (9th Cir. 1989); I*n re Abrams*, 127 B.R. 239, 243 (9th Cir. 1991); C*hateaugay Corp.*, 112 B.R. at 529-30; *Homer Nat'l Bank v. Namie*, 96 B.R. 652, 654 (W.D. La. 1989) (willful is acting with knowledge of the bankruptcy.); *In re B. Cohen & Sons Caterers, Inc.*, 108 B.R. 482, 485 (E.D. Pa. 1989); *H&H Beverage Distributors, Inc. v. Department of Revenue*, 79 B.R. 205, 208 (E.D. Pa. 1987), *rev'd in part on other grounds*, 850 F2d 165 (3d Cir. 1988), *cert. denied*, 488 U.S. 94, 109 S. Ct. 560, 102 L.Ed.2d 586 (1988) (willful is a violation with knowledge of the bankruptcy petition.); *In re Coons*, 123 B.R. 649, 652 (Bankr. N.D. Ill. 1990); *In re AP Industries, Inc.*, 117 B.R. 789, 803 (Bankr. S.D.N.Y 1990).

[3] *Epstein et al*. at 364, quoting *In re Wagner*, 74 B.R. 898, 904 (Bankr. E.D. Pa. 1987).

56. Even if the creditor acted in ignorance of the bankruptcy, it will be deemed to have committed a willful violation if it "thereafter acquired actual knowledge of the debtor's bankruptcy and failed to take steps to undo and correct the result."[4]

57. Intent is not a consideration for determining whether a creditor violated the automatic stay.[5]

58. Rather "it is enough that the creditor knows of the bankruptcy filing engages in deliberate conduct that, it so happens, is a violation of the stay."[6]

59. Furthermore, "[wh]ere there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional."[7]

60. Thus, proving that a creditor violated the automatic stay means proving that a creditor had knowledge of either the bankruptcy or the automatic stay when it committed the violation. In that case, a form of strict liability is created by section 362(k), which only additionally requires damages to be proved in order to take effect. Specifically, courts have held that liability is not dependent on proving a request and refusal to quit the violation[8] or on establishing civil contempt.[9]

---

[4] *In re Bunch*, 119 B.R. 77, 80 (Bankr. D.S.C. 1990).

[5] *In re Sharon*, 234 B.R. 676, 687 (6th Cir. 1999); *In re Goodman*, 991 F.2d 613, 618 (9th Cir. 1993); *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989); see also *In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (Cir. 1990) (quoting *Bloom*); *In re Bulson*, 117 B.R. 537, 539 (9th Cir. BAP 1990) (quoting *Bloom*); *Chateaugay Corp.*, 112 B.R. at 530.

[6] *Epstein* et al. at 364.

[7] *Namie,* 96 B.R. at 654.

[8] *Chateaugay Corp.*, 112 B.R. at 530, rev'd on other grounds, 920 F.2d 183 (2d Cir. 1990).

[9] *Budget Service Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 293 (4th Cir. 1986); *In re Karsh Travel, Inc.*, 102 B.R. 778, 780-81 (N.D. Cal. 1989), appeal dism'd, vac'd in part, 942 F.2d 792 (9th Cir. 1990); *In re Alberto*, 119 B.R. 985, 993-94 (Bankr. N.D. Ill. 1990) ("[T]he damage remedies afforded by section 362(h) are neither sanctions nor based on contempt of court.").

61. This standard encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violation of an automatic stay, and thereby protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations.[10]

62. The same rationale explains why good faith is not a defense to a "willful violation" and is irrelevant to liability.[11]

63. Specifically, "[w]hether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful.'"[12]

64. "Not even a 'good faith' mistake of law or a 'legitimate dispute' as to legal rights relieve a willful violator of the consequences of the act."[13]

65. Likewise, even good faith reliance on an attorney's advice will not serve as a defense to a "willful violation."[14]

---

[10] *Crysen*, 902 F.2d at 1105.

[11] *Atlantic Business,* 901 F.2d at 329; compare *In re Drexel Burnham Lambert Group Inc.,* 120 B.R. 724, 738-39 (Bankr. S.D.N.Y. 1990) (though it is true that it is not a defense that violative of stay, damages are not appropriate where debtor repeatedly assured defendants that their conduct was not violative of the stay).

[12] *Atlantic Business*, 901 F.2d at 329 quoting *Bloom*, 875 F.2d at 227; see also *Karsh Travel*, 102 B.R. at 780.

[13] *Chateaugay*, 112 B.R. at 530 quoting *In re Sansone*, 99 B.R. 981 (C.D. Cal. 1989). Most courts would likely agree, but a couple of cases go the other way and have decided that a violation is not willful if legitimate doubt and uncertainty existed on whether or not the stay covered the conduct. *University Medical Center v. Sullivan*, 125 B.R. 121, 126-28 (E.D. Pa. 1991) (rejecting the rule that willful is a violation with the knowledge of the bankruptcy); *In re Reiter*, 126 B.R. 961, 966 n.4 (Bankr. W.D. Tex. 1991).

[14] *Taylor*, 884 F.2d at 483; Namie, 96 B.R. at 654.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and against defendant as follows:

a) Declaring that defendant's conduct, as detailed above, violates the Bankruptcy Code, 11 U.S.C. § 362;

b) Assessing exemplary or punitive damages against defendant in an amount which the Court determines to be appropriate for defendant's willful violations of the Bankruptcy Code;

d) Awarding plaintiff his reasonable attorney's fees and costs; and

e) Granting such other relief as the Court deems appropriate and just.

Respectfully submitted:

Date: 07/25/2019

BY: /s/ Stephen M. Dunne
Stephen M. Dunne, Esquire
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax: (215) 525-9721
Email: stephen@dunnelawoffices.com